# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| In re | ) CASE NO. 06-00898 |
| | ) (Chapter 7) |
| JAMES WILLIAM LULL, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| _____ | ) |
| | ) |
| ALOHA FAMILY VENTURES, INC., | ) ADV. NO. 07-90027 |
| a Hawai'i corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JAMES WILLIAM LULL | ) |
| | ) Related Docket No. 43 |
| Defendant. | ) |
| _____ | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is an adversary proceeding in bankruptcy. Fed.R.Bankr.P. 7001(6). Plaintiff Aloha Family Ventures, Inc. ("Plaintiff") seeks a default judgment and a determination that its claims against Defendant James William Lull ("Defendant"), the debtor in this bankruptcy case, are not dischargeable in bankruptcy.

This matter came on for hearing on February 25, 2008, on Plaintiff's Motion for Default Judgment and Determination of Non-Dischargeability of Debt Against James Lull filed on January 11, 2008 (the "Motion"). Appearing were Michael A. Lilly, Esq., and Kathleen M. Baker, Ning, Lilly & Jones, representing Plaintiff. On June 29, 2007, Defendant filed a "Debtor's Notice of Intent Not To Appear or Defend". **Bankr. Adv. Doc. #8.** Although duly noticed, Defendant did not appear at or file an opposition to the Motion. Having considered the arguments of counsel, the evidence submitted by Plaintiff, the testimony and demeanor of the two witnesses called on behalf of Plaintiff, the records and files in this case, for the reasons stated in open court, and good cause appearing therefor, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1.  Plaintiff is a Hawai'i corporation with is principle place of business in Kauai, State of Hawai'i.

2.  Randy Boyer was President of Aloha Lumber, Inc. ("Aloha Lumber").

3.  On or about September or October 2002, Aloha Lumber loaned Defendant $400,000.00. In exchange, Defendant signed a promissory note which was superseded by a second promissory note dated October 30, 2002. Exhibit 1.

4.  The second promissory note stated that Defendant would pay interest at a rate of 12% per year beginning on November 1, 2002; Defendant would make

2

U.S. Bankruptcy Court - Hawaii #07-90027 Dkt # 51 Filed 03/25/08 Page 2 of 10

payments on the 15th of each month starting November 15, 2002; and if Defendant did not pay all monies owed under the note by December 31, 2002, he would pay the principle, interest and other charges.

5. In 2006 the assets of Aloha Lumber were sold, but the second promissory note remained a receivable of Aloha Lumber's successor company, Plaintiff.

6. Randy Boyer is President of Plaintiff.

7. By May 2006, Defendant had paid all but $60,000.00 of the second promissory note.

8. On or about May 26, 2006, Defendant signed a third promissory note for the outstanding $60,000.00 remaining due under the second promissory note, and a new loan of $100,000.00, for a total of $160,000 to be repaid in full on May 31, 2006. Exhibit 2. Under the terms of the third promissory note, Defendant promised that if Plaintiff did not receive the full principle ten calendar days after May 31, 2006, Lull would pay a fair and reasonable late charge of 5%.

9. Before and after entering into the third promissory note on May 26, 2006, Defendant represented to Boyer that he owned an interest in property located at 7136 Alamihi Road, Kauai ("the Property") and verbally promised to transfer his interest in the Property to Plaintiff as collateral or a security interest for the past due $60,000.00 and the new $100,000.00. Additionally, before and after entering into the

U.S. Bankruptcy Court - Hawaii  #07-90027  Dkt # 51  Filed 03/25/08  Page 3 of 10

third promissory note on May 26, 2006, Defendant showed Boyer a document (Exhibit 8) which purported to demonstrate that Defendant had an ownership interest in the Property.

10. However, at the time of Defendant's foregoing representations and promises regarding the Property, he had already conveyed his interest in the Property to Jeffery L. Uldricks ("Uldricks"). Exhibit 3 is a warranty deed (the "Warranty Deed") signed by Defendant on May 12, 2006 which conveyed his interest in the Property to Uldricks. The Warranty Deed was recorded on June 13, 2006.

11. Plaintiff repeatedly asked Defendant to record a document to secure their interest in the Property. Defendant repeatedly promised that his attorney would prepare and record such a document. However, no such document was ever produced or recorded.

12. Plaintiff would not have loaned Debtor the additional $100,000 or accepted the third promissory if he had not made the foregoing representations and promises. Plaintiff detrimentally relied on Defendant's foregoing promises and representations and Exhibit 8 in entering into the third promissory note.

13. Defendant submitted two checks to Plaintiff on his Central Pacific Bank Account, dated June 9, 2006, for $160,000.00 and $6,650.00, purportedly in satisfaction of the principle owed and for a late charge. Plaintiff deposited the checks on June 12, 2006. Exhibit 5.

4

14. The check for $6,650 cleared. However, at the time Defendant submitted the $160,000 check to Plaintiff, he had insufficient funds in his bank account to cover the check. Defendant's balance in his bank account for the months of May and June were at no time sufficient to cover a check in the amount of $160,000.00. Exhibit 7.

15. Defendant's check for $160,000.00 was returned Not Sufficient Funds on June 14, 2006. Exhibit 7. Plaintiff redeposited the check on June 15, 2006 and it was again returned for insufficient funds. The check for $160,000.00 never cleared.

16. On August 14, 2006, Russ Boyer and Elizabeth Gayer of Plaintiff met with Defendant. At the meeting Defendant verbally agreed to pay Plaintiff an additional $10,600.00 in interest on the third promissory note and to make monthly interest payments for six months at a rate of 1% per month based on the principle amount of $170,600.00 with the first payment due October 1, 2006.

17. At the August 14, 2006 meeting, Defendant provided Russ Boyer and Elizabeth Gayer with Exhibit 8 which purported to demonstrate that Defendant owned an interest in the Property. Exhibit 8.

18. At the August 14, 2006 meeting, Defendant again verbally promised he would convey the Property to Plaintiff as collateral for the new loan. Exhibit 9, Elizabeth Gayer's handwritten notes of the August 14, 2006 meeting. However, Defendant had already conveyed his interest in the Property to Uldricks.

5

19. At a creditors meeting on February 8, 2007, Defendant admitted under oath that: he had promised to convey his interest in the Property to Plaintiff as security for the third promissory note and the additional $100,000.00 loan (Exhibit 4, at 85); he "lied" when he made the foregoing promise (Id., at 86); and, at the time he promised to repay the third promissory note, he "didn't have the wherewithal" to do so (Id., at 87).

20. On October 23, 2006, Plaintiff, through its attorneys, sent a written notice to Defendant demanding that he immediately pay the balance of $172,306.00 and that if he did not pay the full balance by November 23, 2006, he would be in default. Exhibit 10.

21. On November 30, 2006, Plaintiff, through its attorneys, sent a written demand to Defendant for payment of the amount of the dishonored checks and bank service charge and, pursuant to HRS § 490:3-506, gave Defendant notice that if the funds were not paid in 10 days, triple damages may be incurred. Exhibit 11. Defendant signed for receipt of the written demand on December 4, 2006. Id. Defendant never responded to Exhibits 10 or 11.

22. Defendant did not intend to pay, did not have the wherewithal to pay, and did not pay the $160,000.00 loaned by Plaintiff.

6

23. To date, only $6,650.00 has been received by Plaintiff on account of Defendant's debts. The promised security was never produced, nor could it have been produced, by Defendant.

24. Plaintiff incurred reasonable attorney fees in the amount of $13,232.46 and costs of suit in the amount of $879.67 to prosecute this action. Declaration of Michael A. Lilly.

25. The amounts owed by Defendant to Plaintiff are as follows:

|   |   |   |
|---|---|---|
| a. Principle amount: | $ | 160,000.00 |
| b. Interest at legal rate, HRS §478-3 as of November 1, 2007: | $ | 22,969.85 |
| c. Per Diem interest after November 1, 2007: | $ | 43.84 |
| d. Additional interest agreed on August 14, 2006: | $ | 10,600.00 |
| e. HRS §490:3-506(a) damages: | $ | 160,500.00 |
| f. Attorney fees | $ | 13,232.46 |
| g. Costs | $ | 879.67 |
| Total: | $ | 368,225.82 |

26. Defendant filed a voluntary petition under chapter 7 of the Bankruptcy Code on December 8, 2006.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this adversary proceeding, which is a core proceeding in bankruptcy. 28 U.S.C. § 157(b)(2)(I). Venue is proper.

2. Plaintiff's First Amended Complaint for Damages and to Determine Non-Dischargeability of Debt filed July 10, 2007(the "Complaint") states three

claims for relief, each asserting that the debt owed by Defendant to Plaintiff is not dischargeable in bankruptcy. Count I alleges that the debt should not be discharged because, under 11 U.S.C. § 523(a)(2)(A), it arose from "false pretenses, a false representation, or actual fraud...." Count II alleges that the debt should not be discharged because, under 11 U.S.C. § 523(a)(2)(B), it arose from the "use of statements in writing (i) that is materially false, (ii) respecting debtor's ... financial condition; (iii) on which the creditor ... reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive." Count III alleges that the debt should not be discharged because, under 11 U.S.C. § 523(a)(6), because it arose from a willful or malicious injury to Plaintiff.

3. Plaintiff reasonably relied upon Defendant's promises and representations, including the Warranty Deed which falsely represented that Defendant owned an interest in the Property.

4. Defendant intended to use his misrepresentations to cause Plaintiff to enter into the third promissory note and to forego collection on the existing $60,000 debt, thereby intentionally causing injury to Plaintiff.

5. As a result of Plaintiff's reliance on Defendant's misrepresentations and false promises, Plaintiff suffered financial losses.

6. Plaintiff's claim against Defendant is nondischargeable in bankruptcy, pursuant to 11 U.S.C. § 523(a)(2)(A), because it arose from "false pretenses, a false

8

U.S. Bankruptcy Court - Hawaii #07-90027 Dkt # 51 Filed 03/25/08 Page 8 of 10

representation, or actual fraud...." That is, Defendant obtained a loan from Plaintiff on the false and fraudulent representation that he would secure the loan by a security interest in a property in which he no longer held any interest.

7. Plaintiff's claim against Defendant is nondischargeable in bankruptcy, pursuant to 11 U.S.C. § 523(a)(2)(B), because it arose from the "use of a statement in writing (i) that is materially false, (ii) respecting debtor's ... financial condition; (iii) on which the creditor ... reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive." That is, Defendant obtained a loan from Plaintiff by the use of a statement in writing (Exhibit 8) which falsely represented that Defendant owned an interest in the Property when in fact he had previously conveyed his interest in the Property to Uldricks.

8. Plaintiff's claim against Defendant is nondischargeable in bankruptcy, pursuant to 11 U.S.C. § 523(a)(6), because it arose from a willful or malicious injury to Plaintiff. Defendant's foregoing false and fraudulent representations were deliberate and intentional. Defendant, at the time of the representations either had a subjective motive to inflict injury on Plaintiff or believed that injury was substantially likely to occur as a result of his conduct. Defendant's foregoing tortuous conduct therefore caused willful and malicious injury to Plaintiff.

9. Judgment will be entered in favor of Plaintiff on Counts I, II and III as follows:

9

(i) For $160,000, being the amount due on the third promissory note.

(ii) For interest at the legal rate to November 1, 2007 of $22,969.85 plus per diem interest thereafter at $43.84.

(iii) For additional interest of $10,600 as agreed on August 14, 2006.

(iv) For additional statutory damages under HRS § 490:3-506 of $160,500.00, being the sum of $500 more than the amount of the dishonored check dated June 9, 2006.

(v) For attorney fees under HRS § 490:3-506(c) in the amount of $13,232.46.

(vi) For costs of suit in the amount of $879.67.

(vii) The foregoing will hereafter bear interest at the federal legal rate.

DATED: Honolulu, Hawai'i  MAR 2 5 2008 .

/s/ Lloyd King
Lloyd King
United States Bankruptcy Judge